IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY SIMMONS,<br><br>    Plaintiff,<br>v.<br><br>FANEUIL, INC<br><br>    Defendant. | Case No.:<br><br>_____<br>**JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW the Plaintiff, KIMBERLY SIMMONS ("Ms. Simmons"), by and through the undersigned counsel, and brings her Complaint against FANEUIL, INC. ("Faneuil") for employment discrimination on the basis of age. In support of her Complaint, Ms. Simmons alleges upon personal knowledge as follows:

## INTRODUCTION

1.

This is an action seeking equitable relief as well as monetary damages for age discrimination pursuant to the Age Discrimination in Employment Act; 29 U.S.C. § 621 *et. seq.* ("ADEA")

2.

1

Faneuil violated the ADEA by making discriminatory comments to Ms. Simmons based upon her age, placing Ms. Simmons on a Performance Improvement Plan based upon her age, and terminating Ms. Simmons' employment on the basis of retaliation when Ms. Simmons objected to discriminatory conduct.

3.

Faneuil's unlawful conduct was knowing, malicious, willful, wanton, and/or showed a reckless disregard for Ms. Simmons' protected rights, which has caused and continues to cause Ms. Simmons to suffer substantial economic and non-economic damages.

## JURISDICTION

4.

This Court has personal jurisdiction over Faneuil as Faneuil conducts business within the State of Georgia and employs Ms. Simmons within the Northern District of Georgia.

5.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343. The Court's supplemental jurisdiction over state law claims is invoked pursuant to 28 U.S.C. § 1367 and O.C.G.A. §9-10-91.

## VENUE

6.

Venue is proper in this District because a substantial part of events and omissions giving rise to the claims in this case occurred in this District. (N.D. Ga. L.R. 3.1(B)(3)).

7.

Additionally, this case is properly in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1391.

**PARTIES**

8.

Defendant Faneuil is a corporation with a principal place of business at 2 Eaton Street, Suite 1002, Hampton, Virginia, 23779. Faneuil may be served in Georgia through Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Faneuil employed Ms. Simmons within the Northern District of Georgia

9.

Faneuil is an employer with more than twenty (20) employees. At all relevant times, Faneuil met the definition of "employer" under all applicable statutes.

10.

Plaintiff, Ms. Simmons, is a resident of Cobb County, Georgia who was employed by Faneuil at all times relevant to this suit. At all relevant times, Ms. Simmons met the definition of an "employee" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

11.

At least 60 days before commencing this action, Ms. Simmons filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of the ADEA. Ms. Simmons' EEOC charge arose out of many of the same facts alleged herein.

## GENERAL ALLEGATIONS OF FACT

12.

Ms. Simmons is an African-American female who was born in 1970.

13.

Ms. Simmons was employed by Vertex Business Services ("Vertex") as a Senior Manager of Training and Quality with a salary of $83,000.00.

14.

In May of 2017, Vertex was acquired by Faneuil.

15.

Following the acquisition, a new position of Corporate Instructional Designer was created by Chandra Herring on behalf of Faneuil.

16.

An offer letter was presented to Ms. Simmons for the position of Corporate Instructional Designer for a salary of $90,000 with 15% bonuses.

17.

Ms. Simmons accepted the position and began her role on November 17, 2017.

18.

During her employment in her new role, Ms. Simmons was supervised by Chandra Herring.

19.

During her employment, Ms. Simmons work was exemplary, with only positive feedback.

20.

At all times relevant hereto, Ms. Simmons was qualified for her position as Corporate Instructional Designer with Faneuil.

21.

In April of 2018, Ms. Simmons took FMLA leave.

22.

Following her return, Ms. Simmons was tasked with preparing training materials for a complex account on very short notice.

23.

Ms. Simmons worked fourteen (14) days straight to finish the project on a timely manner. Upon information and belief, her supervisor, Ms. Herring, only reviewed the project ten (10) days after its submission.

24.

After reviewing the materials, Ms. Herring stated to Ms. Simmons, "You are not reaching millennials with these materials." Ms. Herring also stated, "We need a fresh, young mind with a fresh approach."

25.

Immediately thereafter, Ms. Herring and Faneuil created a pretext to place Ms. Simmons on a Performance Enhancement Plan.

26.

Ms. Simmons' Performance Improvement Plan was to include face-to-face meetings with Ms. Herring, which did not occur.

27.

During a call, Ms. Herring repeated to Ms. Simmons that Faneuil needed a "fresh mind" and a "young approach."

28.

Ms. Simmons was also told that she must be able to reach mature audiences and millennials.

29.

Ms. Simmons reported the above statements as age discrimination to the Vice President of Human Resources.

30.

In response to her report of age discrimination, Ms. Herring changed the Performance Improvement Plan and took action to retaliate against Ms. Simmons.

31.

Ms. Simmons reached each metric required by the Performance Improvement Plan.

32.

On or about September 14, 2018, during a telephone call between Ms. Simmons, Ms. Herring and the Vice President of Human Resources, Ms. Simmons was informed by Ms. Herring that she was not a "good fit for what is coming down the pipeline."

33.

On or about September 14, 20218, Ms. Simmons was terminated from her employment without cause or a Separation Notice being provided.

34.

Ms. Simmons' position was filled by an individual believed to be younger than Ms. Simmons.

35.

Prior to the time of her termination, Faneuil was made aware by Ms. Simmons of the age discrimination against Ms. Simmons.

36.

Despite this knowledge, Faneuil placed Ms. Simmons on an unwarranted and retaliatory Performance Enhancement Plan.

37.

Faneuil retaliated against Ms. Simmons by terminating her employment.

38.

Ms. Simmons has been treated differently than similarly-situated employees by Faneuil in the terms and conditions of her employment because of her age.

39.

On or about October 7, 2021, Ms. Simmons was provided a Right to Sue Letter on behalf of the Equal Employment Opportunity Commission. (See attached as Exhibit "A").  This action was filed under the ADEA within ninety (90) days of receipt of such letter.

**COUNT I – AGE DISCRIMINATION**

40.

Ms. Simmons incorporates the statements and allegations contained in paragraphs 1-39, *supra*, as if set forth fully herein.

41.

Ms. Simmons is a member of a protected class.

42.

Ms. Simmons was subjected to age discrimination and to verbal harassment based upon her age as alleged, *supra*.

43.

The age discrimination created a hostile work environment that was known to Faneuil.

44.

As a direct and proximate result of Faneuil's discriminatory conduct in violation of the ADEA, Ms. Simmons has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, bonuses and/or commission, and benefits, for which Ms. Simmons is entitled to an award of damages, attorney's fees, and costs.

45.

The foregoing conduct, as alleged, constitutes a willful violation of the ADEA within the meaning of 29 U.S.C § 626(b) and, as a result, Ms. Simmons is entitled to liquidated damages.

**COUNT 2 – RETALIATION**

46.

Ms. Simmons incorporates by reference the statements and allegations contained in paragraphs 1-45, *supra*, as if set forth fully herein.

47.

At all relevant times, Faneuil was an "employer" within the meaning of the ADEA.

48.

As outlined above, Defendant violated the ADEA when it retaliated against Ms. Simmons by alleging Ms. Simmons was non-compliant on her Performance Improvement Plan and terminating Ms. Simmons all because Plaintiff engaged in activity protected by the ADEA.

49.

As a direct and proximate result of Faneuil's retaliatory conduct in violation of the ADEA, Ms. Simmons has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Ms. Simmons is entitled to an award of damages, attorney's fees, and costs.

50.

The foregoing conduct, as alleged, constitutes a willful violation of the ADEA within the meaning of 29 U.S.C § 626(b) and, as a result, Ms. Simmons is entitled to liquidated damages.

## COUNT 3 – AGE DISCRIMINATION
## O.C.G.A § 34-1-2

51.

Ms. Simmons incorporates by reference the statements and allegations contained in paragraphs 1-50, *supra*, as if set forth fully herein.

52.

The reasonable demands of Ms. Simmons' position did not require age distinction to be made by Faneuil.

53.

As outlined above, Faneuil violated Georgia law when Ms. Simmons was discriminated against because of her age and was wrongfully terminated.

54.

As a direct and proximate result of Faneuil's discriminatory conduct in violation of Georgia law, Ms. Simmons has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Ms. Simmons is entitled to an award of damages, attorney's fees, and costs.

## COUNT 4 – INTENTIONAL or NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55.

Ms. Simmons incorporates by reference the statements and allegations contained in paragraphs 1-54, *supra*, as if set forth fully herein.

56.

The actions of Faneuil against Ms. Simmons as alleged herein were intentional and/or reckless, extreme, outrageous, and beyond all possible bounds of decency, and as such should be regarded as utterly intolerable in a civilized community.

57.

In the alternative, the actions of Faneuil against Ms. Simmons as alleged herein were grossly negligent to a degree that disregards the obvious result of their collective indifference to their duties as employers.

58.

As a result of the actions of Faneuil against Ms. Simmons as alleged herein, Ms. Simmons has suffered severe emotional and mental distress which has manifested itself in physical symptoms.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Ms. Simmons respectfully requests that the Court find in her favor on all Counts and that the Court award to her:

a.     As to Count I, damages in an amount to be determined at trial in an amount not less than $300,000.00;

b.	As to Count II, damages in an amount to be determined at trial in an amount not less than $300,000.00;

c.	As to Count III, damages in an amount to be determined at trial in an amount not less than $300,000.00

d.	As to Count IV, damages in an amount to be determined at trial in an amount in the enlightened conscience of the jury;

e.	Attorney's fees and costs as permitted by applicable Georgia or federal law;

f.	Such other relief as the Court may deem just and proper.

Respectfully submitted this 21st day of December, 2021.

BRISKIN, CROSS & SANFORD, LLC

/s/ David M. Messer
Mary Trachian-Bradley
Georgia Bar No. 774440
David M. Messer
Georgia Bar No. 771007
Counsel for Plaintiff

33 S. Main Street, Suite 300
Alpharetta, Georgia 30022
(770) 410-1555
(770) 410-3281 (facsimile)
mtrachian@briskinlaw.com
dmesser@briskinlaw.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing *Complaint* complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared on computer using Times New Roman (14 point).

/s/ David M. Messer
Mary Trachian-Bradley
Georgia Bar No. 774440
David M. Messer
Georgia Bar No. 771007
Counsel for Plaintiff

33 S. Main Street, Suite 300
Alpharetta, Georgia 30022
(770) 410-1555
(770) 410-3281 (facsimile)
mtrachian@briskinlaw.com
dmesser@briskinlaw.com